United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-20248

RAUL OMAR VILLARREAL,

Petitioner-Appellant,

VERSUS

DOUGLAS DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(02-CV-1975)

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant, Raul Omar Villarreal ("Villarreal") is a Texas state death penalty inmate. Villarreal is appealing the decision of the United States District Court for the Southern District of Texas, Houston Division, denying his petition for federal habeas relief. A certificate of appealability ("COA") has been granted by

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the district court on the one issue Villarreal is now appealing, which is whether it is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment to execute Villarreal, a defendant who committed the crime for which he was sentenced to death while he was under 18 years of age.[1]

The procedural history of the case is as follows. In June of 1993, Villarreal was convicted and sentenced to die for the offense of murdering 14 year-old Jennifer Ertman by strangulation. Villarreal was 17 when he committed the crime. The Texas Court of Criminal Appeals affirmed Villarreal's conviction and sentence. The United States Supreme Court denied certiorari review. The Texas court later denied relief on Villarreal's state habeas petition. On April 1, 2002, Villarreal filed a federal petition for writ of habeas corpus. On February 14, 2003, the United States District Court issued a memorandum opinion and order granting summary judgment in favor of the Director, denying habeas relief and dismissing Villarreal's writ petition with prejudice. The district court also granted COA on Villarreal's "Eighth Amendment claim and the associated issue of procedural bar."

Concerning the Eighth Amendment, Villarreal argues that

---

[1] The district court did not grant Villarreal a COA on any other claims, including Villarreal's ineffective assistance of counsel claim; further Villarreal has not requested an expansion of the COA granted by the district court and we do not grant any additional COA to Villarreal. In summary, we reject all other claims made by Villarreal.

international law and evolving standards of decency dictate that executing an individual sentenced for a crime committed while under the age of 18 is cruel and unusual punishment. More specifically, Villarreal argues that the United States Supreme Court in *Atkins v. Virginia*, 536 U.S. 304 (2002), recognized that evolving standards have changed regarding the death penalty and accordingly held that execution of the mentally retarded constitutes cruel and unusual punishment and that the rationale of the *Atkins* decision dictates that his execution also be found unconstitutional.

In response the Director argues that Villarreal failed to present his Eighth Amendment claim to the state courts and, therefore, the district court correctly found the claim unexhausted and procedurally defaulted. The Director also argues that the district court correctly held that the Eighth Amendment does not prohibit death sentences for persons who commit their capital crimes while younger than 18 and, therefore, there was no underlying constitutional violation and Villarreal's claim remains defaulted.

As the district court noted in its memorandum and order, both the Supreme Court's and our Circuit's case law foreclose Villarreal's arguments. Although decided well before the *Atkins* decision, the Supreme Court addressed and rejected arguments similar to Villarreal's, namely arguments against the execution of certain juveniles based on evolving standards of decency and the

mental capacity of juveniles in *Stanford v. Kentucky*, 492 U.S. 361 (1989). This decision has not been overruled and Villarreal's arguments fall within the *Stanford* holding. Likewise, this Circuit has also rejected claims similar to Villarreal's arguments, namely the international law arguments. *Beazley v. Johnson*, 242 F.3d 248 (5th Cir.), *cert denied*, 534 U.S. 945 (2001).

Further, we also agree with the district court that there is nothing in the Supreme Court's *Atkins* opinion overruling or changing *Stanford* and any application of *Atkins* or the rationale employed by the Supreme Court in *Atkins* to Villarreal's petition is a decision only the Supreme Court can make. Accordingly, we affirm the district court's grant of summary judgment and denial of habeas relief to Villarreal essentially for the reasons stated in the district court memorandum and order.

**AFFIRMED.**